**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | | |
|---|---|---|
| ANDREA MCSWAIN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES BURNETTE, AND FOR THE BENEFIT OF THE STATUTORY BENEFICIARY CLAIMANT: ANDREA MCSWAIN, | ) ) ) ) ) ) ) | C.A. NO. 7:16-cv-00310-MGL |
| PLAINTIFF, | ) ) | **NOTICE OF REMOVAL BY DEFENDANT THI OF SOUTH CAROLINA AT MAGNOLINA PLACE AT SPARTANBURG, LLC D/B/A PHYSICAL REHABILITATION AND WELLNESS CENTER OF SPARTANBURG F/D/B/A MAGNOLIA PLACE AT SPARTANBURG** |
| vs. | ) ) | |
| MAGNOLIA PLACE OF SPARTANBURG AND THI OF SOUTH CAROLINA AT MAGNOLIA PLACE AT SPARTANBURG, LLC, | ) ) ) ) | |
| DEFENDANTS. | ) ) ) | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that the above-captioned matter has this date been removed to the United States District Court for the District of South Carolina, Spartanburg Division, by filing this Notice and filing in the Court of Common Pleas for Spartanburg County a copy of this Notice.  This removal is made by the sole Defendant in this matter, THI of South Carolina at Magnolia Place at Spartanburg, LLC (hereinafter referred to as "this Defendant"), subject to and without waiving its right to compel arbitration of this matter.

So the Court is aware, this Defendant formerly operated under the d/b/a name "Magnolia Place at Spartanburg," but since Plaintiff's decedent's residency, changed its d/b/a name to "Physical Rehabilitation and Wellness Center of Spartanburg."  There is no separate legal entity known as "Magnolia Place of Spartanburg" nor has there ever been one.

Defendant **THI of South Carolina at Magnolia Place at Spartanburg, LLC** is and was the sole licensee and operator of the skilled nursing facility that formerly was doing business as "Magnolia Place at Spartanburg" when Plaintiff's decedent resided there.   As a result, Plaintiff has named but one Defendant whose citizenship may (and should be) considered: **THI of South Carolina at Magnolia Place at Spartanburg, LLC**.[1]   In support thereof, this Defendant would state as follows:

1.     This action pursuant is being removed pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(1).

2.     Plaintiff Andrew McSwain, in his capacity Personal Representative for the Estate of Charles Burnette and for the benefit of the statutory beneficiary claimant, Andrea McSwain, commenced this action on December 7, 2015 by filing a Complaint in the Court of Common Pleas for Spartanburg County, South Carolina, styled *McSwain v. Magnolia Place of Spartanburg*, C.A. No. 2015-CP-42-5015 ("State Court Action").  A copy of the docket sheet and all other documents on file with the Court of Common Pleas in the State Court Action are attached hereto as **Exhibit A**.

3.     Copies of Plaintiff's service of process, showing service dates upon each respective Defendant, are attached and filed with this Notice of Removal as **Exhibit B**, which is incorporated herein by reference.

---

[1] Even if "Magnolia Place of Spartanburg" were an entity that actually is or was in existence (which it is not and has never been), Plaintiff still fails to allege that "Magnolia Place of Spartanburg" was or is a citizen of any state.  Therefore, even if the Court were inclined to accept Plaintiff's errant, mistaken allegations as true, there still is no lack of diversity of citizenship alleged by the Plaintiff on the face of the Complaint.

4. This is a proceeding in which Plaintiff alleges various causes of action against this Defendant which arise from and concern the provision of healthcare to Plaintiff's decedent, Charles Burnette, while he was a resident at THI of South Carolina at Magnolia Place at Spartanburg, LLC, a skilled nursing facility.

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(2)(B) in that this Defendant was served on December 31, 2015 and is therefore removing within thirty (30) days of receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ."

6. Pursuant to 28 U.S.C. § 1446(d), this Defendant will promptly serve a copy of this Notice of Removal upon counsel for the Plaintiff and will promptly file a copy of the same with the clerk of the Spartanburg County, South Carolina, Court of Common Pleas.

**JURISDICTIONAL FACTS, ARGUMENT AND AUTHORITY
DEMONSTRATING REMOVAL IS PROPER**

7. Upon information and belief, at all times relevant to the Complaint, Plaintiff's decedent was a citizen and resident of Spartanburg County, South Carolina. (See ¶ 3 of Pltf. Compl.) Upon information and belief, the named Plaintiff, Andrew McSwain, is a citizen and resident of either Spartanburg County or Greenville County, South Carolina.

8. At the time of commencement of this proceeding and at all times at issue, Defendant THI of South Carolina at Magnolia Place at Spartanburg, LLC was and is a limited liability company organized and existing under the laws of the state of Delaware. A limited liability company is assigned the citizenship of its members. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004).

9. This Defendant's sole member is THI of South Carolina, LLC (hereinafter "THISC"), itself a Delaware limited liability company, whose sole member is THI of Baltimore,

3

Inc. (hereinafter "Baltimore"), a Delaware corporation with its principal place of business in the state of Maryland.

10. For federal diversity jurisdiction purposes, the citizenship of this Defendant must therefore be determined by the citizenship of its sole member, THISC, and ultimately by THISC's sole member, Baltimore.

11. "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business. . . the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 102 (4th Cir. 2011), citing Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029 (2010).

12. Accordingly, for federal jurisdiction purposes, this Defendant is a citizen of both Delaware and Maryland given that Baltimore is a Delaware corporation with its principal place of business in the state of Maryland.

13. Complete diversity of citizenship exists between the Plaintiff and Defendant pursuant to 28 U.S.C. §1332, as Plaintiff and Defendant are citizens of different states.

14. Venue lies in this Court, *i.e*., the United States District Court for the District of South Carolina, Spartanburg Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the District of South Carolina, and the Spartanburg County, South Carolina, Court of Common Pleas is located in the Spartanburg Division of the District of South Carolina. Venue therefore is proper in this Court because it is in the "district and division embracing the place where such action is pending." *Id.*

15. Plaintiff's Complaint alleges that the negligent acts and omissions by this Defendant were the proximate cause of the death of Plaintiff's decedent. These proceedings are of a civil nature and involve a controversy wholly between citizens of different states and the value of the matter in dispute in said cause, upon information and belief, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, as appears from the allegations contained in Plaintiff's Complaint. Plaintiff seeks actual and punitive damages from the Defendant, and in light of the allegations alleged by Plaintiff, it is sufficiently probable and/or certain that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.   See Mattison v. Wal-Mart Stores, Inc., C.A. No. 6:10-CV-01739-JMC (D.S.C. Feb. 4, 2011) ("When a specific amount is not specified in the complaint, the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy.") (internal citations and quotations omitted); Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005) ("This court follows the 'preponderance of the evidence' standard because . . . 'the court is not required to leave its common sense behind' when ascertaining the proper amount in controversy."), quoting White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W. Va. 1994).

WHEREFORE, Defendant prays that this Court accept this Notice of Removal and that this Honorable Court take jurisdiction of the above-entitled proceeding and all further proceedings in the Court of Common Pleas, Spartanburg County, State of South Carolina, be stayed.

                    YOUNG CLEMENT RIVERS, LLP

                    By:  *s/ D. Jay Davis, Jr.*
                    D. Jay Davis, Jr. Federal I.D. # 6723
                    Perry M. Buckner, IV  Federal I.D. #: 11298
                    P.O. Box 993, Charleston, SC  29402
                    (843) 720-5415;  E-mail:  pbuckner@ycrlaw.com
                    Attorneys for the Defendant THI of South Carolina
                    at Magnolia Place at Spartanburg, LLC

Charleston, South Carolina
Dated: February 1, 2016

6